Case: 1:03-cv-01060-LW Doc #: 1 Filed: 05/30/03 1 of 9. PageID #: 1



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BEMA MUSIC CO., | ) | **1:03CV1060** |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | **JUDGE WELLS** |
| v. | ) | |
| | ) | |
| MOTOROLA, INC., VERIZON | ) | **JURY TRIAL DEMANDED** |
| WIRELESS INC., and CELLCO | ) | |
| PARTNERSHIP, doing business as | ) | |
| VERIZON WIRELESS | ) | |
| | ) | |
| Defendants. | ) | **MAG. JUDGE VECCHIARELLI** |

## COMPLAINT

Plaintiff Bema Music Co., a division of Sweet City Records, Inc. ("Plaintiff"), for itself and as administrator for co-publisher RWP Music Co. ("RWP"), alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement and unjust enrichment. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and § 1338 in that this controversy arises under the laws of the United States, specifically the Federal Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*(the "Copyright Act"), and under 28 U.S.C. § 1367 inasmuch as the unjust enrichment claim is so related to the copyright infringement claim that, together, they form part of the same case or controversy.

2. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs, and the claims asserted herein are between citizens of different states.

3. This Court has personal jurisdiction over the Defendants because, on information and belief, they do business in this judicial district, and because the claims asserted herein arose in this judicial district.

4. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff BEMA, a division of Sweet City Records, Inc., is an Ohio corporation with its principal place of business at 44 North Main Street, Chagrin Falls, Ohio 44022, and is engaged in the business of music publishing.

6. Plaintiff is informed and believes that, and thereon alleges that defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

7. Plaintiff is informed and believes and thereon alleges that defendant Verizon Wireless Inc. ("Verizon Wireless") is a Delaware corporation with its principal place of business at 180 Washington Valley Road, Bedminster, N.J. 07921.

8. Plaintiff is informed and believes and thereon alleges that defendant Cellco Partnership, d/b/a Verizon Wireless ("Cellco" and, together with Motorola and Verizon Wireless, the "Defendants") is a joint venture between Verizon Communications Inc., a Delaware corporation, and Vodafone Group Plc, an English public limited company, with a principal place of business at 180 Washington Valley Road, Bedminster, N.J. 07921.

## FACTUAL BACKGROUND

9. At all times relevant hereto, BEMA has been and is engaged in the business of publishing musical compositions and acting as the administrator for various individuals, corporations and other entities who have created musical compositions in order to administer their copyrighted compositions and protect their interest in the copyrighted musical compositions and works throughout the United States and the world.

10. Robert W. Parissi is a music writer and composer d/b/a RWP Music. Parissi wrote the musical composition entitled "Play That Funky Music" in 1976 (the "Composition").

11. BEMA acquired its rights, title and interest in the Composition from Parissi in 1976 and has acted as the co-publisher thereof with RWP since 1976 and is administrator of the Composition in the United States and throughout the rest of the world.

12. The Composition was recorded by the recording artist "Wild Cherry" and released for sale to the public on CBS Records by CBS, Inc., acquired by Sony Music in 1976, and became a number one musical composition in the *Billboard Magazine* Top 100 Charts in 1976. The Composition as recorded by "Wild Cherry" was the top selling single recording on CBS Records and held this record for a period of ten years and is considered a classic standard musical composition of the 1970s.

13. In order to protect the Composition, BEMA took all of the necessary steps to secure valid copyright protection under the Copyright Act. BEMA applied for and received several copyright registrations for three different arrangements of music and lyrics of the Composition: (a) Copyright Registration No. EU 670424 for a work entitled "Play That Funky Music (White Boy)" dated April 15, 1976, (b) Copyright

3

Registration No. EP 360773 for a work entitled "Play That Funky Music" dated September 2, 1976 and (c) Copyright Registration No. EP 359535 for a work entitled "Play That Funky Music a/k/a Play That Funky Music (White Boy)" dated October 22, 1976. True and correct copies of these three Applications of Registration for the Composition are attached hereto as Exhibits A, B, and C, respectively. A true and correct copy of the music and lyrics of the Composition, deposited with Registration No. EP 360773 and certified by the Library of Congress, is attached hereto as Exhibit D.

14. Pursuant to 17 U.S.C. § 106, as the original copyright owner and administrator for co-publisher RWP, BEMA has the exclusive right to license the reproduction of the Composition in copies or phonorecords, to prepare or license the preparation of derivative works based on the Composition, to license the recordings of phonorecords of the Composition to be sold to the public, and to license public performances of the Composition both for audio and visual use in all territories throughout the world.

15. Plaintiff is informed and believes and thereon alleges that defendant Motorola has been and is the manufacturer of cellular telephone products, including without limitation, the Motorola 120e, V 120c and V 60i cellular telephone models (individually and collectively referred to as the "Affected Models"). On information and belief, the Affected Models have been and are distributed, promoted, marketed and sold throughout the United States, and particular in Northern Ohio, by various means including television commercials, the Internet, and in-store sales. Plaintiff is further informed and believes and thereon alleges that the Affected Models have been and are distributed by defendants Verizon Wireless and Cellco for Motorola, and that

4

Verizon Wireless and Cellco provide consumers with wireless services for the Affected Models.

16. Motorola has used the Composition as a ring tone in each of the Affected Models (each, a "Ring Tone"), each of which is designated by the "FUNK" name. The similarities between the Ring Tones and the Composition are unmistakable. The Ring Tone in the V 60i CDMA Affected Model is substantially similar to the Composition. The Ring Tones in the 120e and V 120c Affected Models are substantially similar and indeed identical to the Composition.

17. Plaintiff is informed and believes that the Ring Tones were created by defendant Motorola with the active assistance and cooperation of defendants Verizon Wireless and Cellco.

18. Plaintiff has never licensed any of the Defendants to use the Composition to create the Ring Tones or other derivative works from the Composition in any respect.

19. Plaintiff is informed and believes and thereon alleges that defendant Motorola has, without a license, incorporated the Composition as one or more ring tones, either designated "FUNK" or designated as some other name, in other cellular telephone products besides the Affected Models.

20. Plaintiff is informed and believes and thereon alleges that distributors and/or wireless service providers other than Verizon Wireless and Cellco have, without a license, distributed and or provided consumers with wireless services for Motorola-manufactured cellular telephones incorporating the Composition, including without limitation the Affected Models.

5

## COUNT I

### (Copyright Infringement)

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if set forth in full herein.

22. At all times relevant hereto, Plaintiff, for itself and as administrator for RWP, has owned all rights to the Composition described above.

23. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto Defendants, and each of them, were aware that their reproduction, promotion, exploitation, sale and distribution of the Affected Models without a license for the Composition would and does constitute copyright infringement or contribute to copyright infringement for which Defendants are directly or vicariously liable pursuant to the Copyright Act.

24. On further information and belief, Defendants' infringement was knowing and willful.

25. The continuance of the infringing acts by Defendants, unless enjoined by this Court, will cause Plaintiff to suffer irreparable harm for which this Plaintiff has no adequate remedy at law.

26. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial and is entitled, at its election, to either (a) all damages suffered by this Plaintiff, all gains, profits and advantages derived by Defendants from the acts of infringement plus exemplary and punitive damages in amounts to be proven at trial, or (b) statutory damages as provided by the Copyright Act. By reason of the foregoing, this Plaintiff is also entitled to attorneys' fees.

6

## COUNT II

### (Unjust Enrichment)

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26 as if set forth in full herein.

28. Defendants have been unjustly enriched by the unlawful conduct complained of herein, including by the receipt of monies and other financial benefits from the sale of the Affected Models, and from ancillary services related thereto, such as, without limitation, profits from the sale of wireless services.

29. Plaintiff is entitled to disgorgement and restitution of the amounts by which Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against the Defendants as follows:

1. That judgment be entered for Plaintiffs and against Defendants on each of the claims for relief set forth above;

2. That Defendants, and each of them, and each of their agents, servants, employees, and those acting in concert or participation with them, be preliminarily and permanently enjoined from manufacturing, producing, marketing, advertising, distributing or selling the Affected Models and the Composition, or any other unauthorized copy or derivative work of the Composition;

3. That Defendants, and each of them, be required to account for all damages suffered by Plaintiff, according to proof or at the amounts permitted by statute or otherwise by law;

7

4. That Defendants, and each of them, be required to account for and disgorge all gains, profits and advantages derived from acts of infringement and other violations of law;

5. For statutory, punitive and/or exemplary damages as permitted by statute or otherwise by law;

6. For costs, attorneys' fees, and interest incurred or accrued in the prosecution of this action and permitted by statute or by law;

7. For additional relief that the court may deem just and proper.

Respectfully submitted,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

*/s/ Steven M. Auvil*

Steven M. Auvil (0063827)
Mark E. Avsec (0064472)
2300 BP America Building
200 Public Square
Cleveland OH 44114-2378
(216) 363-4500
Attorneys for PLAINTIFF,
Bema Music Co., a division of Sweet City Records, Inc.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

*[signature]*

Attorney for PLAINTIFF
Bema Music Co., a division of Sweet City Records, Inc.